IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE RIVERA ALERS, et al.,

Plaintiffs

v.                                                        CIVIL 97-2629 (SEC) (JA)

HONORABLE CARMEN FELICIANO
DE MELECIO, et al.,

Defendants

**OPINION AND ORDER**

Plaintiff Jorge Rivera-Alers,[1] former employee of the Commonwealth of Puerto Rico (hereinafter "Rivera-Alers"), filed this suit under 42 U.S.C. §§ 1983 and 1985 against the Secretary of Health of Puerto Rico, Honorable Carmen Feliciano de Melecio and Roberto Guzmán-Cortés, the personnel director of the Department of Health of Puerto Rico, both in their individual and official capacities. Also named as defendants are The Migrant Health Center Western Region, Inc., and his executive director, Reinaldo Serrano-Caraballo. Rivera-Alers claims that he was discharged because of his political leanings in derogation of his constitutional rights. In essence, plaintiff contends that his transfer was done without due process, and the actions or inactions of the defendants amounted to a constructive discharge.

---

[1] Rivera Alers' wife and children are also plaintiffs in this suit. They have brought forth a supplemental claim under Article 1802 of the Puerto Rico Civil Code.



Plaintiff filed an amended complaint on July 13, 1998. (Docket No. 33.) Defendant, Roberto Guzmán-Cortés (hereinafter "Guzmán-Cortés") filed an answer to the amended complaint on August 3, 1998. (Docket No. 35.) Guzmán-Cortés filed a motion to dismiss on September 10, 1999 (Docket No. 44) which was opposed by the plaintiffs on October 25, 1999. (Docket No. 49.) Given that defendant Guzmán-Cortés filed his motion to dismiss after the closing of the pleadings, I will consider his motion as one for judgment on the pleadings under Fed. R. Civ. P. 12(c).

### Applicable Standard for Judgment on the Pleadings

Fed. R. Civ. P. 12(c) allows a party, "[a]fter the pleadings are closed but within such time as not to delay the trial, [t]o move for judgment on the pleadings." Given that "rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true . . . and draw all reasonable inferences in his favor." Rivera-Gómez v. Castro, 843 F.2d 631, 634 (1st Cir. 1988) (citations omitted); see also Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).

Motions under Fed. R. Civ. P. 12(c) ordinarily warrant the same treatment as 12(b)(6) motions, and thus "customarily evoke a generous standard of appraisal." Collier v. Chicopee, 158 F.3d 601, 602 (1st Cir. 1998), cert. denied, 199 S. Ct. 1262 (1999) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988) (emphasizing minimal nature

of requirements imposed by Rule 12(b)(6)). Under Fed. R. Civ. P. 12(c), judgment on the pleadings "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of [his] claim which would entitle [him] to relief." Feliciano v. Rhode Island, 160 F.3d at 788 (citing Santiago de Castro v. Morales-Medina, 943 F.2d 129, 130 (1st Cir. 1991)).

In light of this standard, the facts of this case, construed in the light most favorable to the non-moving party, are set forth below.

**Factual Background**

Plaintiff Rivera-Alers, a member of the New Progressive Party, was a permanent employee of the Department of Health of the Commonwealth of Puerto Rico, and worked for about 20 years at the Department's facilities in San Sebastián. In 1992, codefendant The Migrant Health Center Western Region, Inc., (hereinafter "The Center") by virtue of an agreement with the Department of Health began administering and operating primary health care facilities in the island, including the one in San Sebastián where Rivera-Alers worked.

Rivera-Alers alleges that on December 12, 1996, the defendants, by mutual agreement, transferred him from the San Sebastián facility to the Aguada facility without him having requested such transfer, without prior notice, and without due process. Rivera-Alers contends that codefendant Serrano-Caraballo, the Center's executive director and a

member of the Popular Democratic Party, ordered his transfer. Plaintiff asserts that his transfer to Aguada was the culmination of codefendant Serrano-Caraballo's continued harassment of him given plaintiff's ideological and/or political beliefs. Rivera-Alers further contends that he was told by his direct supervisor, Mr. Arnold Justino, that he was neither going to be assigned to any work area nor any work at all.

Rivera-Alers proceeded to the Department of Health's Office of Personnel in Aguadilla to inquire about the actions taken by codefendant Serrano-Caraballo in relation to his transfer to the Aguada facility. At said office, he was told by defendant Guzmán-Cortés that the Aguadilla office had not been informed of the transfer, and therefore Rivera-Alers should report back to work at the Center's facility in San Sebastián. In his amended complaint, Rivera-Alers asserts that defendant Guzmán-Cortés did nothing to help him; kept him going back and forth between the Aguadilla and the San Sebastián offices; and hid from him communications between the Department of Health and the other codefendants.

After following Guzmán-Cortés' instructions and reporting to the San Sebastián facility, Rivera-Alers was allegedly denied access to his work area. Plaintiff contends that the defendants' alleged actions or inactions constitute constructive discharge. Plaintiff asserts that he is emotionally disabled and unable to work as a result of the illegal actions of the defendants.

CIVIL 97-2629 (SEC) (JA) 5

## Discussion

In his motion, defendant Guzmán-Cortés alleges that Rivera-Alers' complaint should be dismissed because it fails to state a claim upon which relief can be granted.

To state a claim under 42 U.S.C. § 1983, plaintiff Rivera-Alers must make two showings: "the existence of a federal or statutory right; and a deprivation of that right by a person acting under color of state law." Barrios-Velázquez v. Asociación de Empleados del Estado Libre Asociado de Puerto Rico, 84 F.3d 487, 491 (1st Cir. 1996) (citing Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993)). As defendant Guzmán-Cortés correctly points out, in this circuit a section 1983 claim must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983).

Guzmán-Cortés argues that plaintiff has failed to point out in his complaint what personal involvement, if any, he had in the alleged violation of plaintiff's constitutional rights. In the amended complaint, plaintiff claims that after informing Guzmán-Cortés of the alleged illegal transfer by codefendant Serrano-Caraballo, Guzmán-Cortés nonetheless instructed plaintiff to report back to work at the San Sebastián facility. Furthermore, plaintiff contends that Guzmán-Cortés, as the personnel director of the Department of Health, did nothing to help him and hid from plaintiff communications between the Department and the codefendants. Given the liberal standard of review applied in 12(c)

CIVIL 97-2629 (SEC) (JA)                              6

motions, I find that plaintiff has stated enough facts to survive a motion for judgment on the pleadings.

In his motion, Guzmán-Cortés further argues that dismissal of this case is warranted due to lack of color of state law. Basically, defendant asserts that codefendant Serrano-Caraballo, the Center's executive director and the person responsible for ordering Rivera-Alers' transfer, is a private person without state authority. Thus, the argument goes, the alleged transfer was not performed under color of state law as required by 42 U.S.C. § 1983. Defendant Guzmán-Cortés asserts that the illegal actions of Serrano-Caraballo, a private person, can not be attributed to him.

Clearly, by virtue of his title, defendant Guzmán-Cortés is a state actor and his actions or inactions can be found to have deprived Rivera-Alers of his constitutional rights. It is evident that the Department of Health has an agreement with the non-profit Center in San Sebastián for the provision of health services, and that a nexus exists between the Center and the Department of Health. Guzmán-Cortés can not hide under the guise that the Center is a private entity in order to avoid liability. At this early stage of the litigation I will not dismiss the complaint based on a claim of lack of color of state law.

In further support of his position that dismissal is warranted, defendant Guzmán-Cortés contends that he is shielded by the affirmative defense of qualified immunity. Defendant might be right. However, given that cases under section 1983 are "both

CIVIL 97-2629 (SEC) (JA)  7

enormously fact specific and enormously varied in legal theory depending on the underlying constitutional provision or federal statute" allegedly being violated, I find that before the qualified immunity issue can be analyzed properly it is necessary to allow the record to reflect the reason or reasons for Rivera-Alers' transfer. See, e.g., Feliciano-Angulo v. Rivera-Cruz, 858 F.2d 40, 48 (1st Cir. 1988).

## Conclusion

In accordance with the foregoing, it is hereby ordered that defendant Guzmán-Cortés' motion on the pleadings (Docket No. 44) be DENIED in its entirety.

In San Juan, Puerto Rico, this 19th day of November, 1999.

JUSTO ARENAS
United States Magistrate Judge